UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| BRAD H. DUNLAP, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 3:17-cv-64 |
| v. ) | |
| ) | Judge Mattice |
| COMMISSIONER OF SOCIAL ) | Magistrate Judge Poplin |
| SECURITY, ) | |
| ) | |
| *Defendant.* ) | |
| ) | |

# **ORDER**

On January 19, 2018, the United States Magistrate Judge assigned to this case filed a Report and Recommendation (Doc. 22) pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). The Magistrate Judge recommended that: (1) Plaintiff's Motion for Summary Judgment (Doc. 14) be denied; (2) Defendant's Motion for Summary Judgment (Doc. 18) be granted; and (3) the decision of the Commissioner be affirmed. (Doc. 22 at 23).

Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation (Doc. 23). He presents a wide array of arguments, including: (1) that the medical opinion of Dr. Redmon, Plaintiff's treating physician, regarding the nature and extent of Plaintiff's pain should have resulted in a finding of disability; (2) that Dr. Redmon's opinion that Plaintiff could not perform full-time work was well-supported and should have been afforded greater weight; (3) that the ALJ improperly relied on the opinion of Dr. Hunt, who did not examine all of Plaintiff's medical records and "misread" Plaintiff's MRI; (4) the ALJ improperly denied Plaintiff's subpoena request as to Dr. Hunt; (5) the ALJ and Magistrate Judge failed to analyze the impact and side effects of

Plaintiff's pain medication; (6) the Magistrate improperly relied on the Sixth Circuit's decision of a prior social security appeal filed by Plaintiff; and (7) the Magistrate Judge improperly concluded that the report from Dr. Maccree was not a medical opinion. (Doc. 23). The Court reviews Plaintiff's objections *de novo. See* 28 U.S.C. § 636(b)(3).

The Court has conducted a review of the Report and Recommendation, as well as the record, and it agrees with the Magistrate Judge's well-reasoned conclusions for the reasons stated herein.

## I. ANALYSIS

### A. Opinion of Dr. Redmon Regarding Plaintiff's Pain

As outlined above, Plaintiff's treating physician Dr. Redmon opined: "[Plaintiff] has a medical condition, confirmed by MRI and EMG/NCV that could reasonably be expected to produce severe pain." (Doc. 13-4 at 71). According to Plaintiff, if he has a medical condition confirmed by objective medical evidence that may reasonably be expected to produce severe pain, he must be found disabled. (Doc. 23 at 2). Plaintiff cites *Duncan v. Secretary*, 801 F.2d 847, 853 (6th Cir. 1986), in support of this argument.

While Plaintiff's recitation of the rule set forth in *Duncan* is correct, its application to the facts of this case do not warrant a finding that he is disabled. The Magistrate Judge addressed the ALJ's consideration of Dr. Redmon's opinion in this respect, and concluded that Dr. Redmon's conclusions regarding the severity of Plaintiff's pain did not find support in the record as a whole. (Doc. 22 at 13-14). As explained by the Magistrate Judge, Redmon's own treatment notes revealed that Plaintiff's pain improved significantly in response to oral medication and injections. *See Burney v. Comm'r of Soc. Sec.*, 2013 WL 1289310, at *3 (E.D. Mich. Mar. 28, 2013) (citing *Pasco v. Comm'r of Soc. Sec.*, 137 Fed. App'x. 828, 836 (6th Cir. 2005)) ("Notably, impairments that are controlled by

2

medication are not disabling."). He also noted that Plaintiff "appeared in no acute distress, his symptoms were stable, and his gait improved." (Doc. 22 at 13-14). *Duncan* does not stand for the proposition that any evidence indicating a condition causing severe pain, no matter how contradictory or unsupported, commands a finding of disability. Rather, courts must look to the objective medical evidence contained in the record as a whole, which is exactly what occurred in this case. Thus, Plaintiff's objection will be **OVERRULED**.

### B. Opinion of Dr. Redmon Regarding Plaintiff's Ability to Work

Plaintiff's argues that a second opinion of Dr. Redmon should have resulted in a finding of disability. Specifically, Dr. Redmon opined: "[Plaintiff]'s medical conditions prevent him from performing any type of full time work." (Doc. 13-4 at 71). Plaintiff presented an identical argument to the Magistrate Judge, who analyzed it fully and found it was without merit. (Doc. 22 at 6-15). These arguments are not properly before the Court, and Plaintiff's objections in this respect will be **OVERRULED**. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.").

### C. Weight Afforded to Dr. Hunt's Findings

Plaintiff also objects to the Magistrate Judge's finding that the ALJ properly relied upon the medical opinion of Dr. Hunt. According to Plaintiff, Dr. Hunt did not examine Plaintiff's medical records or review the report of his treating physician Dr. Redmon.

3

(Doc. 23 at 3-4). In addition, Plaintiff alleges that Dr. Hunt's conclusions regarding his MRI are incorrect, as Dr. Hunt concluded that Plaintiff had "minimal left neural foraminal narrowing" while another report in the record characterized the narrowing as "marked." (Docs. 23 at 3; 13-2 at 115; 13-4 at 72).

Plaintiff's arguments regarding the medical records Dr. Hunt failed to review are without merit. The record reflects that Dr. Hunt took a medical history from Plaintiff, conducted a physical examination, and analyzed a recent MRI. (Doc. 13-2 at 114-116). These are factors that courts should consider when evaluating medical opinions from non-treating sources. 20 C.F.R. § 404.1527(C)(1), (3)-(6). Plaintiff cites no authority that requires a physician to examine a claimant's entire medical record before formulating an opinion.

In addition, the Court finds Plaintiff's challenges to Dr. Hunt's interpretation of his MRI similarly unavailing. The report Plaintiff refers to that explains the narrowing in his spine as "marked" as opposed to "minimal" is unsigned. There is no indication of who authored the report or their history of treatment with Plaintiff, which is perhaps why the ALJ relied on Dr. Hunt's findings instead. (Doc. 13-4 at 72). In any event, that two physicians had different interpretations of the same MRI is no reason to disregard the ALJ's conclusions. Such contradictory evidence is commonplace in social security appeals, and the Commissioner is tasked with resolving those contradictions. *See Doll v. Colvin*, 2016 WL 6091403, at *14 (M. D. Tenn. Sept. 21, 2016) ("When contradictory evidence in the records exists, the final decision regarding the evaluation of evidence as a whole lies with the Commissioner.") (citing 20 C.F.R. § 416.927(e)(2)). Finally, there is no evidence suggesting that Dr. Hunt analyzed the wrong MRI, as Plaintiff seemingly

speculates. Accordingly, because this objection is not well taken, it will be **OVERRULED**.

### D. The ALJ's Denial of Plaintiff's Subpoena Request

Next, Plaintiff argues that Dr. Hunt should have clarified which MRI he analyzed and also identified other evidence that supports his opinions. For that reason, he alleges that the ALJ improperly denied his subpoena request as to Dr. Hunt. (Doc. 23 at 4).

The Court declines to address this objection because it rests upon arguments that were not raised in Plaintiff's underlying Motion for Summary Judgment (Docs. 14 & 15). As explained by the Sixth Circuit, "while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.,* permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States,* 200 F.3d 895, 902 n. 1 (6th Cir.2000); *see also Whittum v. Saginaw County*, 2005 WL 3271810, at *4 (E.D.Mich. Nov.22, 2005) ("The Magistrate Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.") (internal quotation marks and citation omitted). Accordingly, this objection will be **OVERRULED**.

### E. Side Effects of Plaintiff's Medications

Plaintiff also asserts that the Magistrate Judge did not address the ALJ's failure to consider the impact and side effects of Plaintiff's pain medication. Specifically, Plaintiff states that the ALJ failed to note his testimony at the hearing and at a previous hearing that his hydrocodone prescription, which he ingests daily, causes drowsiness. Plaintiff testified that the drowsiness is so severe that he must lay down for an hour or two, and sometimes up to half a day, after taking this medication. (Docs. 23 at 4-6).

First, the Court notes that Plaintiff did not clearly develop this particular argument in his Motion for Summary Judgment (Doc. 15). He only mentions his alleged side effects in a footnote, and instead mainly focuses on the ALJ's omission in discussing the number of epidural injections he received or the number of years he has been taking pain medication. (*Id.* at 4-6 & n. 2). Thus, the question of whether this objection is properly before the Court is borderline at best. *See Murr,* 200 F.3d at 902 n. 1.

Even if the Court were to give Plaintiff the benefit of the doubt, his objection fails on its merits. Plaintiff is correct that in evaluating complaints of pain, federal regulations mandates that the ALJ consider "[t]he type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms." 20 C.F.R. § 416.929(c)(3)(iv). Indeed, the Magistrate Judge cited this rule in the Report and Recommendation. (Doc. 22 at 14). Plaintiff's alleged side effects, however, find no support in his medical records or treatment notes. The only portion of the record Plaintiff relies upon in this argument is his own testimony at two separate ALJ hearings. (Doc. 13-5 at 172, 195). Notably, Plaintiff's credibility was called into question by the ALJ, who clearly noted in the written opinion that he found certain testimony of Plaintiff "not believable." (Doc. 13 at 41). Furthermore, and as explained by the Magistrate Judge, "an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party." (Doc. 22 at 14) (quoting *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. App'x. 496, 508 (6th Cir. 2006)).

Given that Plaintiff's alleged side effects were not noted by his doctors, and the fact that the ALJ is not required to discuss every consideration in the written opinion, the Court finds that this objection should be **OVERRULED**.

### F. The Magistrate Judge's Reliance on Plaintiff's Prior Case

This case is not Plaintiff's first appeal of the Commissioner's decision denying benefits. He formerly filed an appeal that was denied by the district court, which was later affirmed by the Sixth Circuit in *Dunlap v. Comm'r of Soc. Sec.*, 509 Fed. App'x. 472, 474 (6th Cir. 2012). In his objections, Plaintiff argues that the Magistrate Judge improperly relied on that Sixth Circuit's opinion in his Report and Recommendation. According to Plaintiff, the Sixth Circuit's decision in *Dunlap* is not controlling here because his condition has worsened since the time of the previous appeal. (Doc. 23 at 6).

Plaintiff is mistaken that the Magistrate Judge improperly relied on *Dunlap*. It is evident from the Report and Recommendation that the Magistrate Judge did not look to Plaintiff's previous appeal in order to deduce the severity of his impairments or to avoid analyzing the facts of this particular case. Rather, the Magistrate Judge merely cited the Sixth Circuit's rule in *Dunlap* outlining the proper weight to afford to medical opinions that invade the purview of the Commissioner's decision as to whether a claimant is disabled. The Sixth Circuit further outlined instances in which an ALJ's failure to clearly label his explanation as to the weight he afforded an opinion constitute harmless error. (Doc. 22 at 12-13); *Dunlap*, 509 Fed. App'x. 474-76. Despite Plaintiff's assertions to the contrary, there is no impropriety to be found here. The objection will accordingly be **OVERRULED**.

### G. Whether Dr. Maccree's Report is a Medical Opinion

Finally, Plaintiff's contests the Magistrate Judge's finding that a report authored by Dr. Maccree did not constitute a medical opinion. Plaintiff's arguments supporting this objection are identical to those set forth in his Motion for Summary Judgment. (Doc. 15 at 7-8). The Magistrate Judge fully considered these arguments and outlined clear reasons

7

for rejecting them in the Report and Recommendation. (Doc. 22 at 15-18). Thus, the objection is not properly before the Court, and it will be **OVERRULED**. *See VanDiver v. Martin*, 304 F. Supp. 2d at 937.

## II. CONCLUSION

For the reasons set forth above,

1. The Court **ACCEPTS** and **ADOPTS** the Magistrate Judge's findings of fact, conclusions of law, and recommendations (Doc. 22) pursuant to 29 U.S.C. § 636(b)(1) and Rule 72(b);

2. Plaintiff's Objections (Doc. 23) are **OVERRULED**;

3. Plaintiff's Motion for Summary Judgment (Doc. 14) is **DENIED**;

4. Defendant's Motion for Summary Judgment (Doc. 18) is **GRANTED**;

5. The decision of the Commissioner is **AFFIRMED**; and

6. This matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 6th day of March, 2018.

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE